## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Robert Davidson, Individually and as Personal Representative of the Estate of Regina K. Davidson, <br><br>　　　Plaintiff, <br><br>v. <br><br>United States of America, <br><br>　　　Defendant. | Civil Action No.: 3:25-3838-JFA <br><br><br><br>**COMPLAINT** |

Plaintiff Robert Davidson, individually and as personal representative of the Estate of Regina K. Davidson, files this complaint against Defendant United States of America and alleges:

### PARTIES

1. Robert Davidson is a citizen and resident of Columbia, South Carolina.

2. Regina Davidson ("Decedent"), Plaintiff's deceased wife, resided in Columbia, South Carolina at the time of her death.

3. Defendant United States of America is subject to suit pursuant to the Federal Tort Claims Act (28 U.S.C. § 1346) for the death of Decedent and other losses caused by the acts of its employees, officers, servants, and agents of the United States government.

### JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1346(b)(1), this Court has jurisdiction over all of Plaintiff's claims.

5. Plaintiff fully complied with 28 U.S.C. § 2675 by submitting timely administrative claims for relief to Defendant's Department of the Army on January 16, 2024. On January 23,

2024, Plaintiff received notification that his administrative claims were received but has not received any other response.

6. Venue is proper under 28 U.S.C. § 1402(b) as Plaintiff resides in this judicial district, Decedent resided in this judicial district at the time of her death, and all acts and omissions complained of in this Complaint occurred in this judicial district.

## FACTUAL ALLEGATIONS

7. On May 20, 2023, Decedent was driving her work vehicle eastbound on Dixie Road at Fort Jackson, South Carolina.

8. As Decedent approached the intersection of Dixie Road and Hampton Parkway, an unsecured PT barrier gate (the "Gate") swung open and struck the windshield of her vehicle, went through the windshield, and struck Decedent in the head before continuing out the rear passenger window of her vehicle (the "Incident").

9. The impact of the Gate to Decedent's head caused her to lose consciousness, resulting in her vehicle continuing to move forward and launching into the air as the vehicle left the roadway.

10. After leaving the roadway, Decedent's vehicle struck a fence and came to a rest.

11. Defendant owns, operates, and maintains Fort Jackson, a military installation located in Columbia, South Carolina.

12. The 1-34th Infantry Battalion is an Army infantry regiment of Defendant's Army and is a basic training formation attached to the 165th Infantry Brigade at Fort Jackson.

13. The 1-34th Infantry Battalion was responsible for operating, managing, and maintaining the Gate.

14. Defendant's members of the 1-34th Infantry Battalion failed to exercise proper care when managing and maintaining its equipment, such as the Gate, to prevent casualties.

15. Decedent did not cause or contribute to causing the Incident in any manner, nor did she have the ability to avoid or prevent the Incident.

16. As a direct and proximate result of Defendant's actions and/or inactions, Decedent suffered painful and traumatic injuries throughout her body, which caused her death.

17. As a result of Decedent's injuries and subsequent death, Decedent incurred medical expenses and suffered general damages such as physical and mental pain and suffering, emotional distress, mental anguish, impairment, disability, disfigurement and a loss of enjoyment of everyday life up until her death, along with considerable medical bills, all of which Decedent and Plaintiff are entitled to be compensated as a direct and proximate result of the actions and/or inactions of Defendant, as described herein.

## FOR A FIRST CAUSE OF ACTION
**Negligence, Negligence *Per Se*, Gross Negligence, Carelessness Recklessness, Wantonness, and Willfulness**

18. Paragraphs one through seventeen (1 - 17) above are incorporated by reference as if repeated verbatim herein.

19. Defendant had a duty to exercise reasonable care in securing and maintaining the Gate.

20. Defendant knew or should have known leaving the Gate unsecured would cause injury and/or death.

21. Defendant, individually and by and through the aforementioned actions or omissions of its agents and servants, employees, and/or subsidiaries, who were acting within the scope and course of said agency, service and/or employment, breached its duty of care and was

negligent, negligent per se, grossly negligent, careless, reckless, willful and/or wanton in one or more of the following particulars:

    a. In failing to properly secure the Gate;

    b. In failing to properly maintain the Gate;

    c. In failing to properly inspect the Gate;

    d. In failing to properly repair the Gate's deficiencies in a timely manner;

    e. In failing to ensure the Gate's parts and safety mechanisms were designed, applied and functioning properly;

    f. In failing to have policies and procedures in place governing inspection, maintenance, and security of the Gate or, if they existed, in failing to adhere to such policies and procedures;

    g. In failing to warn the general public, and Decedent in particular, of the danger of serious bodily harm and death that could result from the deficient and unreasonably dangerous Gate;

    h. In failing to exercise that degree of care which a reasonably prudent person would exercise under the same and/or similar circumstances; and

    i. In otherwise being negligent or reckless as a matter of law as further discovery may reveal.

22. All of Defendant's acts and omissions were an intentional, conscious, and/or negligent failure to exercise even slight care causing the Gate to be left unsecured so that it was allowed to be angled towards oncoming traffic, thereby obstructing the roadway and directly causing the Incident.

23. As a direct and proximate result of the acts and/or omissions of Defendant set out herein, Decedent was made to suffer significant pain and suffering, mental anguish, impairment, disfigurement, psychological and emotional distress, loss of enjoyment of life, and ultimately death, as well as medical expenses and burial expenses.

**FOR A SECOND CAUSE OF ACTION**
*Wrongful Death*

24. Paragraphs one through twenty-three (1 – 23) above are incorporated by reference as if repeated verbatim herein.

25. Defendant, through the Department of the Army, had the exclusive responsibility and control over the Gate.

26. Defendant owed Decedent a duty to properly construct, maintain, operate, and manage the Gate on Fort Jackson.

27. Defendant knew or should have known the Gate would cause injury or death if left unsecured.

28. Defendant breached its duties to Decedent in one or more of the following ways:

    a. In failing to properly secure the Gate;

    b. In failing to properly maintain the Gate;

    c. In failing to properly inspect the Gate;

    d. In failing to properly repair the Gate's deficiencies in a timely manner;

    e. In failing to ensure the Gate's parts and safety mechanisms were designed, applied and functioning properly;

    f. In failing to have policies and procedures in place governing inspection, maintenance, and security of the Gate or, if they existed, in failing to adhere to such policies and procedures;

    g. In failing to warn the general public, and Decedent in particular, of the danger of serious bodily harm and death that could result from the deficient and unreasonably dangerous Gate;

    h. In failing to exercise that degree of care which a reasonably prudent person would exercise under the same and/or similar circumstances; and

    i. In otherwise being negligent or reckless as a matter of law as further discovery may reveal.

29. Decedent's injuries were due to Defendant's negligence and were a direct and proximate result of Defendant's acts and/or omissions set out herein concerning the Gate.

30. Defendant's acts and/or omissions enumerated above proximately and directly caused the damages also set out herein.

31. As a direct and proximate result of the acts and/or omissions of Defendant, Plaintiff, as Personal Representative for Decedent's Estate, is entitled to actual and consequential damages for the wrongful death of Decedent, including burial expenses.

## FOR A THIRD CAUSE OF ACTION
*Negligent Hiring, Training, Supervision, and Retention*

32. Paragraphs one through thirty-one (1 - 31) above are incorporated reference as if repeated verbatim herein.

33. Defendant had, and/or through the exercise of reasonable care should have had, prior knowledge that members of the 1-34th Infantry Battalion negligently failed to inspect, secure, or maintain the Gate.

34. Defendant did not correct the deficient and unreasonably dangerous Gate giving rise to the instant action and failed to properly supervise and/or train members of the 1-34th Infantry Battalion responsible for maintaining the Gate. As a result of Defendant's action and/or inaction, Decedent suffered mental injuries, physical injury, and ultimately death.

35. Defendant was negligent in hiring certain members of the 1-34th Infantry Battalion and entrusting them to secure and maintain the Gate.

36. Defendant was negligent in failing to properly train members of the 1-34th Infantry Battalion.

37. Defendant was negligent in failing to properly supervise members of the 1-34th Infantry Battalion.

38. Defendant's negligence in hiring certain members of the 1-34th Infantry Battalion, entrusting them to secure and maintain the Gate, and failing to train and supervise them properly were the proximate cause of the Incident at issue and the injuries to, and death of, Decedent.

39. Defendant is liable to Plaintiff and Decedent for the damages caused by members of the 1-34th Infantry Battalion as a result of its negligent hiring, training, supervision, and retention.

**FOR A FOURTH CAUSE OF ACTION**
*Premises Liability*

40. Paragraphs one through thirty-nine (1 - 39) above are incorporated by reference as if repeated verbatim herein.

41. At all times relevant, Defendant owned, operated, controlled, managed and maintained the subject premises of Fort Jackson, including but not limited to the area where the Gate was located. Defendant had the legal duty to keep its premises in a state of repair consistent with due regard for the safety of its invitees and licensees, including Decedent.

42. As the owner of the premises and subject Gate, Defendant had a non-delegable duty to make sure that the inherently dangerous hazard, the Gate, was not negligently installed, maintained, operated, serviced or existing on its subject premises.

43. Despite the fact that Defendant knew, had reason to know, or should have known of the hazardous condition of the Gate and that its invitees and licensees, including Decedent, would be endangered thereby, Defendant allowed the hazard to remain.

44. Defendant was negligent in failing to correct, mark, warn, remove or repair the defective and hazardous condition existing on its premises, thereby creating an unreasonable risk of injury to its invitees and licensees, including Decedent.

45. Defendant knew of, or by the exercise of due care for the safety of its invitees and licensees, including Decedent, should have known of the defective and hazardous condition existing on its premises and that the failure to correct, mark, remove, and/or repair said condition was likely to result in the precise injuries suffered by Decedent.

46. Defendant had actual knowledge of the defective and hazardous condition existing on its premises through the direct knowledge of its agents, officers, servants, or employees.

47. Defendant had constructive knowledge of the defective and hazardous condition existing on their premises due to the existence of the condition for an unreasonable period of time.

48. Defendant owed Decedent the following duties:

   a. Not to create unreasonably dangerous conditions and hazards on the subject premises;

   b. To use ordinary care in inspecting, keeping, and maintaining the subject Gate in a safe condition;

   c. To take reasonable precautions to protect invitees and licensees from foreseeable and unreasonable dangers;

   d. To repair or remove the unreasonably dangerous or defective condition of which it had superior knowledge;

   e. To warn of unreasonable dangers or hazards which were known or reasonably should have been known to it upon a proper inspection of the Gate, and of which it had superior knowledge; and

   f. To inspect the Gate to discover any unreasonably dangerous condition of which it did not have actual knowledge.

49. Defendant breached the duty owed to Decedent by, inter alia:

   a. installing and creating the dangerous condition of the Gate;

   b. allowing the dangerous condition of the unsecured Gate to exist;

   c. failing to inspect and remove the dangerous condition of the Gate from its property;

   d. failing to warn Decedent of the existence of the dangerous condition of the Gate that Defendant knew or should have known about had it conducted a reasonable inspection of the property;

   e. failing to inspect the property to discover the dangerous condition;

    f.  failing to have policies and procedures in place governing inspection, maintenance, and security of the Gate or, if they existed, in failing to adhere to such policies and procedures; and

    g.  in otherwise as further discovery may reveal.

50. Although Defendant knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to its invitees and licensees from said hazardous condition existing on its premises, Defendant negligently failed to take reasonable precautions to guard against the dangerous condition and failed to protect its invitees and licensees, including Decedent.

51. As a direct and proximate result of Defendant's breach of its duty, Decedent suffered severe bodily injury, conscious pain and suffering, mental anguish, and ultimately death.

### FOR A FIFTH CAUSE OF ACTION
*Loss of Consortium*

52. Paragraphs one through fifty-one (1 - 51) above are incorporated by reference as if repeated verbatim herein.

53. That as a direct and proximate result of the acts and/or omissions of Defendant set out hereinabove, Plaintiff, being the husband of Decedent, suffered compensable damages including, but not limited to, grief and sorrow, loss of her love and affection, loss of society and companionship, loss of her wisdom and experience, and loss of her income.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for the damages outlined above, for an award of the costs associated with this action, and for such other and further relief as this Court deems just and proper.

Respectfully submitted on May 6, 2025, by:

*s/Marcus J. Brown*
Marcus J. Brown (FEDERAL ID: 12718)
Marc Brown Law Firm, LLC
PO Box 2389
Columbia, South Carolina 29202
Tel:    803-848-0008
Fax:    803-848-0844
mbrown@marcbrownlawfirm.com
ATTORNEY FOR PLAINTIFF

11